IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUCHELL CINQUE MAGEE,<br>        Petitioner,<br>  vs.<br>A. K. SCRIBNER, Warden,<br>        Respondent. | No. C 07-0091 TEH (PR)<br><br>ORDER OF DISMISSAL<br><br>(Docket Nos. 2, 3, 5) |

Petitioner, a state prisoner currently incarcerated at California State Prison, Corcoran, has filed a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a January 23, 1975 conviction from the Superior Court of the State of California in and for the County of Santa Clara. His first federal petition was denied on May 10, 1995. See Magee v. Marshall, No. C 93-3637 DLJ (N.D. Cal. filed Oct. 10, 1993).

A second or successive petition may not be filed in this court unless petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A). Petitioner has not obtained such an order from the Ninth Circuit. The petition accordingly is DISMISSED without prejudice to refiling if petitioner obtains the necessary order. As such, Petitioner's motion seeking "clearance" is DENIED (docket no. 3) as is his motion seeking a temporary restraining order (docket no. 5).

Petitioner has also filed an "affidavit," seeking to disqualify the

undersigned (docket no. 2).  As grounds for disqualification, he primarily quarrels with the ruling of this Court (and of other judges in the district) in his previous cases.  However, this is not sufficient to allege a personal bias, as required by 28 U.S.C. § 144.  See United States v. $292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (judge's rulings in litigant's other cases not grounds for disqualification).  The declaration therefore is not legally sufficient under Section 144, and the motion, construed as being made pursuant to Section 144, will be denied without reference to another judge.  See United States v. Scholl, 166 F.3d 964, 977 (9th Cir. 1999) (judge not required to refer motion to recuse to another judge if motion is not timely or legally sufficient).

In addition, the Court has considered the contentions in the motion under 28 U.S.C. § 445.  A reasonable person considering the rulings in Petitioner's previous cases would not conclude that they were the product of bias.  See Liteky v. United States, 510 U.S. 540, 555- 56 (1994) ( judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or impartiality motion).  For these reasons, the motion is also without merit when construed as being brought pursuant to Section 445.  The motion to disqualify is DENIED (docket no. 2).  As such, the Clerk shall close the file, terminate all pending motions as decided by this order, and enter judgment in accordance with this order.

SO ORDERED.

DATED:   10/10/07

THELTON E. HENDERSON
United States District Judge

2